IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NECA-IBEW Rockford Local Union 364 Health and Welfare Fund | )<br>)<br>) Case No. 14 C 50146 |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| Walgreen Co., et al., | )<br>) Judge Philip G. Reinhard |
| Defendants. | ) |

**ORDER**

      For the reasons stated below, plaintiff's motion [16] to remand is granted. This court lacks subject matter jurisdiction over this action. This case is remanded in its entirety to the Circuit Court for the 16th Judicial Circuit, Kane County, State of Illinois from which it was removed. This remand order moots defendants' motion [14] to dismiss in this court

**STATEMENT-OPINION**

      Plaintiff, NECA-IBEW Rockford Local Union 364 Health and Welfare Fund (a trust whose trustees are all citizens of Illinois) brought this action in the Circuit Court for the 16th Judicial Circuit, Kane County, State of Illinois against defendants, Walgreen Co., an Illinois corporation ("Walgreen") with its principal place of business in Illinois and A & A Drug Co., d/b/a Sav-Rx Prescription Services, a Nebraska corporation with its principal place of business in Nebraska ("A & A"). The complaint seeks a mandatory injunction requiring the defendants to turn over certain records plaintiff claims are plaintiff's property. Defendants removed to this court asserting diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Though Walgreen's citizenship is clearly not diverse from plaintiff's, defendants contend Walgreen was fraudulently joined so it can be disregarded for diversity jurisdiction purposes and should be dismissed as a party. Plaintiff moves to remand to state court pointing out the lack of diversity, denying Walgreen was fraudulently joined, and arguing the jurisdictional amount in controversy is also lacking. Id.

      Previously, plaintiff and A & A litigated in this court which of two contracts governed the relationship between them. The court concluded (NECA-IBEW Rockford Local Union 364 Health and Welfare Fund v. A & A. Drug Co., No. 11 C 50165, Docket # 49, 8/24/2012,) and the Court of Appeals affirmed (NECA-IBEW Rockford Local Union 364 Health and Welfare Fund v. A & A Drug Co., 736 F.3d 1054 (7th Cir. 2013)) that the controlling agreement was one entered between A & A and the International Brotherhood of Electrical Workers ("IBEW") dated

1

as of March 2003 ("IBEW Agreement").  Because the IBEW Agreement requires contract disputes to be resolved by arbitration, the court dismissed that case without prejudice for improper venue.

The IBEW Agreement contains the following language at paragraph 11 06: "<u>Arbitration</u> Except that any party to this [IBEW Agreement] may seek injunctive relief or a prejudgment attachment in a court of competent jurisdiction, and except as otherwise specifically provided for herein, any and all controversies, disputes, or claims arising out of or relating to this [IBEW Agreement], or any part hereof, including without limitation, the meaning, applicability, or scope of this Section 9.06 [sic] and to the performance, breach, interpretation, meaning, construction, or enforceability of this [IBEW Agreement], shall, at the request of any party, be settled or resolved by binding arbitration pursuant to the commercial rules and regulations of the AAA District of Columbia office for the resolution of commercial disputes."  Because this provision makes the seeking of injunctive relief an exception to the requirement that disputes be arbitrated, plaintiff brought this complaint for an injunction in state court.

The IBEW Agreement provides at paragraph 9 03 06: "<u>Prescription Drug Information</u> To the extent permitted by applicable state laws, all records of prescription drug products dispensed to Eligible Participants shall be the property of the Sponsor." Plaintiff is the Sponsor under IBEW Agreement.  Walgreen is not a party to the IBEW Agreement but is alleged to possess prescription records which are the property of plaintiff by virtue of it filling prescriptions for Eligible Participants in Walgreen's capacity as a Network Pharmacy under the IBEW Agreement.

Plaintiff moves to remand this case to state court claiming defendants improperly removed it.  Plaintiff argues that both it and Walgreen are citizens of Illinois so diversity of citizenship, the grounds on which defendants removed, is lacking.  Defendants counter that the fraudulent joinder doctrine requires disregarding the citizenship of Walgreen so complete diversity of citizenship does exist between plaintiff and A & A, which defendants maintain is the only properly named defendant.

"A plaintiff typically may choose its own forum, but may not join a nondiverse defendant simply to destroy diversity jurisdiction. The 'fraudulent joinder' doctrine, therefore, permits a district court considering removal to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." <u>Schur v. L.A. Weight Loss Centers, Inc.</u>, 577 F.3d 752, 763 (7th Cir. 2009) (internal quotation marks and citations omitted.)  "Fraudulent joinder is difficult to establish – a defendant must demonstrate that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." <u>Id.</u>, 764 (internal quotation marks and citations omitted.)  The court "must ask whether there is any reasonable possibility that the plaintiff could prevail against the non-diverse defendant.  A defendant faces a heavy burden to demonstrate that the joinder is fraudulent." <u>Id.</u> (internal quotation marks and citations omitted.)   "In conducting this analysis, a district court

must turn to state law to determine whether the plaintiff has any reasonable possibility of success." Id.

Defendants argue plaintiff has no reasonable possibility of success against Walgreen. They argue Walgreen is not a party to the IBEW Agreement and is therefore not bound by it and its provision making the records the property of plaintiff. They contend the IBEW Agreement is the only basis on which plaintiff claims a right to an injunction against Walgreen and that a contract cannot provide grounds for relief against a non-party to the contract under District of Columbia law which, by the terms of the IBEW Agreement, defendants contend applies. Defendants further argue plaintiff's claim against Walgreen is barred by collateral estoppel. They maintain this court's prior order required all disputes arising from the contract to be arbitrated and that plaintiff is bound by that order.

As noted above, after resolving all issues of fact and law in favor of plaintiff, defendants have the burden of showing plaintiff cannot establish a cause of action against Walgreen. Schur, 577 F.3d at 764. Defendants argue the only basis plaintiff claims for the prescription records held by Walgreen being plaintiff's property is the IBEW Agreement. Since Walgreen is not a party to that agreement, defendants reason plaintiff cannot use the agreement's language declaring the prescription records to be plaintiff's property as a basis for seeking those records from Walgreen.

Plaintiff alleges the records are its property. Specifically, paragraph 30 of the complaint alleges Walgreen "has refused to honor the requests of the Fund to obtain its own property, to wit; the records of prescription drug products dispensed to Fund participants." Defendants have not shown as a matter of law that the records are not plaintiff's property nor that plaintiff cannot pursue the remedy it seeks for their turnover. While the complaint does allege that the IBEW Agreement makes the records plaintiff's property, these allegations appear to be directed at establishing it's rights against A & A and do not preclude plaintiff having a common law right of ownership to those records as against Walgreen. As defendants point out, Walgreen is not a party to the IBEW Agreement so defendants' resort to District of Columbia law (which is the IBEW Agreement's chosen governing law) concerning rights, or lack thereof, under the IBEW Agreement is misplaced. The interests of plaintiff and Walgreen in the records is governed by Illinois law.

Defendants cite the record retention provision of the Illinois Pharmacy Practice Act, 225 ILCS 85/18, as suggesting that Walgreen is the owner of the records under Illinois law. However, that provision deals only with a pharmacy's obligations to maintain records for inspection by regulators. It says nothing about ownership of the records.

Defendant has not met the "heavy burden" of demonstrating the joinder of Walgreen is fraudulent. Schur, 577 F.3d at 764. They have not shown plaintiff has no reasonable possibility

of prevailing against Walgreen on plaintiff's action seeking an injunction compelling turnover of the records to plaintiff.[1]

For the foregoing reasons, plaintiff's motion [16] to remand is granted. This court lacks subject matter jurisdiction over this action. This case is remanded in its entirety to the Circuit Court for the 16th Judicial Circuit, Kane County, State of Illinois from which it was removed. This remand order moots defendants' motion [14] to dismiss in this court.

Date: 10/27/2014          ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)

---

[1] The defense of collateral estoppel is best left to the consideration of the state court along with the all of the other possible defenses to this action. This court's order is simply a determination that Walgreen was not fraudulently joined for purposes of determining diversity jurisdiction. It should not be viewed as an expression of any opinion as to the provability of the claims in the complaint or of any possible defenses.